# EXHIBIT A

## IN THE SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

DELICIA T. WILLIAMSON         :

                                           **CASE ACTION NUMBER**

        Plaintiff          :      2011CV00920-9

                                        Cm# 7007 1490 0003 0081

vs.                                           7163

BANK OF AMERICA, N.A.      :

        Defendant         :

## <u>ACKNOWLEDGMENT OF SERVICE</u>

    Due and legal service of the Complaint, Summons, and Request for Waiver in the above-stated case is hereby acknowledged. Copy received and all other and further service and notice of the Complaint and Summons is waived.

    Notice of the Complaint, Summons and Request for Waiver is Served upon Defendant at the following Address:

**Bank of America Registered Agent:**

**Agent Name: <u>CT CORPORATION SYSTEM / SHAKINAH EDWARDS</u>**
**Office Address: 1201 Peachtree Street, N.E. , ATLANTA GA 30361.**
**Agent County: FULTON.**

    This  11th  day of March, 2011.

                                   _____
                                   **Defendant (Registered Agent)**
                                   Bank of America, N.A.
                                   401 N. TRYON ST, NC1-021-02-20,
                                   CHARLOTTE, N.C. 28255-000

# IN THE SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

**DELICIA T. WILLIAMSON** :

                                                        **CASE ACTION NUMBER**

          Plaintiff                 :          2011CV00920-9

     vs.

**BANK OF AMERICA, N.A.**           :

          Defendant                 :

---

To the above-named Defendant:

### SUMMONS

You are hereby Summoned and required to file with the clerk of said court and to serve upon, **Plaintiff pro-se**, whose address is:**12032 Red Ivy Lane. Fayetteville, Georgia 30215-6648 Clayton County**, an *Answer* to the Complaint which is herewith served upon you, within thirty **(30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This the __11th__ day of March , 2011 .

                                        _____
                                        **Clerk of Court**

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

*TO:* BANK OF AMERICA, N.A.

A lawsuit has been commenced against you *(or the entity on whose behalf you are addressed)*. A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court County for the State of Georgia in and for the County of Clayton and has been assigned *Case# 2011 CV00920-9 / Judge Carter*.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within **30 days** *(or 60 days if located outside any judicial district of the United States)* after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope *(or other means of cost-free return)* for your use. An extra copy of the Waiver of Service is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which this notice is sent *(or within 90 days from that date if your address is not in any judicial district of the United States)*.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you *(or the party on whose behalf you are addressed)* to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on this ___11th___ day of March, 2011.

Delicia T. Williamson
Plaintiff-pro-se

12032 Red Ivy Lane.
Fayetteville, Georgia 30215-6648
Ph. #: (H) 770-719-0473

### IN THE SUPERIOR COURT OF CLAYTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **DELICIA T. WILLIAMSON** | : | |
| Plaintiff | : | **CASE ACTION NUMBER** |
| | | _2011CV00920-9_ |
| vs. | : | |
| **BANK OF AMERICA, N.A.** | : | |
| Defendant | : | |

## COMPLAINT FOR DAMAGES FOR WRONGFUL FORECLOSURE and VERIFIED COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

**COMES NOW, Plaintiff, DELICIA T. WILLIAMSON** and hereby files this Compliant for Damages for Wrongful Foreclosure and Injunctive Relief showing the following:

## INTRODUCTION

**1.**

This matter comes before the Court on Plaintiff Delicia T. Williamson's (hereinafter Plaintiff) Complaint for Damages pursuant to Intentional Breach of Contract, Intentional Breach of Statutory Duty, Intentional Tortious Interference with Mortgage Contract, Intentional Wrongful Foreclosure, Intentional Trespass, Intentional Abuse of Process.

**2.**

Plaintiff also seeks Injunctive Relief as shown in Plaintiff's Complaint for Injunctive Relief is attached hereto and contemporaneously served and filed to prevent irreparable Damages to Plaintiff's real property pursuant to Defendant's Intentional Breach of Contract, Intentional Breach of Statutory Duty, Intentional Tortious

Interference with Mortgage Contract, Intentional Wrongful Foreclosure on Note and
Security Deed secured by the real property at issue.

3.

This is an civil action brought forth and majoritively grounded upon the
Defendant's Breach of Duty and Violation of Statutory Law imposed by Agreement /
Contract ("the Mortgage") and Law, brought under Federal Rule and Regulations
pursuant to **12 CFR section 590.4 (h) (2), and State Codes O.C.G.A. §
9-11-65 (a), O.C.G.A. § 51-12-5.1, O.C.G.A. § 51-12-30, O.C.G.A. Title 13 et seq,
Contracts, and O.C.G.A. Title 44 et. seq., Property.**

## JURISDICTION

4.

Jurisdiction is conferred by statutory law relative to the determination for Title of
Ownership and the location or situs of the real property being located in Clayton County
Georgia. Venue for Wrongful Foreclosure and Willful Trespass claim against the
Defendant is proper in county where land is located. Furthermore, the Defendant
conducts business in the State of Georgia as well as in Clayton County, Georgia.

## The Parties

5.

**Delicia T. Williamson, Plaintiff,** is of majority age, is a resident of the State of
Georgia residing in her home located at **12032 Red Ivy Lane Fayetteville, Georgia
30215** in Clayton County, Georgia, and is subject to the jurisdiction of this Court.

6.

**Bank of America, N.A., Defendant**, is a Corporate Business and a Member of
the FDIC that conducts and continues banking business in the State of Georgia.
Defendant Bank of America, N.A. is also designated as Creditor. Bank of America, N.A.
Principal Office Address is 401 N. TRYON ST, NC1-021-02-20, CHARLOTTE, N.C.

28255-000, and Bank of America maybe served with Service of Process, with the Complaint and Summons at the following address per Secretary of State of Georgia:

**Bank of America Registered Agent:**

**Agent Name: CT CORPORATION SYSTEM/SHAKINAH EDWARDS**

**Office Address:** 1201 Peachtree Street, N.E., ATLANTA GA 30361

**Agent County:** FULTON.

### The Property Involved

**7.**

The Real Property under an unjust attack subject to wrongful foreclosure proceedings is located and known as **12032 Red Ivy Lane Fayetteville, Georgia 30215 Clayton County**. (See Plaintiff's Exhibit "A").

## STATEMENT OF FACTS

**8.**

On February 11, 2009 Countrywide Homes Loans sent correspondence to Plaintiff which read in pertinent parts: "Attn: Home retention Division / Modification The HOPE TEAM Loan Modification Agreement, signed March 10, 2009. Loan modification is approved." The following amount will be added to your current principal balance:

Interest: $6,342.85
Fees: $129.00
Escrow: $640.62
Total: $7,112.47

Modification monthly payment: $771.92
P&I Payment: $587.76
Escrow: $184.16
Deed to Secure debt: $112,950.00
Unpaid Principal Balance: $101,940.66
Beginning April 01, 2009.

**9.**

On May 14, 2009, this Plaintiff received a letter sent by Bank of America Home Loans which indicated by Notice of Intent to Accelerate BAC Home Loan Servicing, LP (on behalf of the note holder).

**10.**

Plaintiff shows that an *e*-mail inquiry on June 06, 2010 detailed a message concerning communications having occurred on May 29, 2009, a Friday, between Plaintiff and Rep. Craig Carter which read: "Countrywide Customer Service. Said message read as follows: papers have been returned on time March 11, 2009. He does see remodification in the computer. He does not have access to the payment history."

**11.**

Plaintiff believed and relied upon information as forwarded to her that as of July 24, 2009 Loan Modification was approved, only to find at much later date that this was not the case.

**12.**

Plaintiff received correspondence dated November 2010 from Bank of America stating: "**Notice;** if you and BAC Home Loan Servicing, LP have entered into an agreement to address your monthly payments, please make payments in accordance with this agreement. Home Loan Overview as of October, 28, 2010… Home loan Details."

**13.**

Plaintiff also shows that on February 01, 2011 the Law Offices of McCalla Raymer forwarded additional correspondence where this communication stated: let us help you avoid foreclosure. File number 5150911 attachments included with said additional correspondence included the language as follows: "January 27, 2011: Attempt to collect a debt; loan has been referred to this law firm for handling. **Bank of America: "Creditor";** Loan Number: 1609722 Address of real property: 12032 Red Ivy Lane, Fayetteville, Georgia 30215-6648, as of January 27, 2011, amount of debt $ 107,186.01 owed to Bank of America. Thirty days to dispute debt as of receipt of this notice.

Provide name and address of original creditor, if different from current creditor."
(no signature or block typed name could be found on said document).

**14.**

Plaintiff further shows that on a correspondence dated February 01, 2011, but post marked February 04, 2011, that was actually received by Plaintiff on Feb 08, 2011, which was also from the Law Offices of McCalla Raymer. This letter seemed to be directing Plaintiff to contact Loss Mitigation Team. An Attachment read: "Consumer Notice Pursuant to 15 USC 1692(G), Prommis Solutions, LLC (on behalf of McCalla Raymer) Freddie Mac; 998368970 Georgia, Bank of America; 1609722."

**15.**

On February 16, 2011, Plaintiff received yet another letter from the Law Offices of McCalla Raymer. This letter contained a **Notice of Foreclosure Sale - Note and Security Deed – BAC Home Loan Servicing, LP,** FKA Countrywide Home Loans Servicing, LP vs. Delicia T. Williamson, 12032 Red Ivy Lane, Fayetteville, Georgia 30215, Clayton County Georgia.

**16.**

According to the February 16, 2011 Notice of Sale Under Power sent to Plaintiff, the Law Firm of McCalla Raymer reminded Plaintiff that by letter dated January 27, 2011 (the "Initial Communication Letter") we notified you that the above referenced loan had been referred to this law firm for handling. The entire amount of the outstanding balance of the principle and interest owed on the loan and any other charges is now due and payable. Said "Initial Communication Letter" did not comport with the manner in which a foreclosure of a federally related mortgage loan was to be commenced.

**17.**

According to the correspondence forwarded to Plaintiff by McCalla Raymer, the debt secured by said Security Deed has been declared due because of, among possible events of default, failure to pay indebtedness as when due and in manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for paying

same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given.)

**18.**

The correspondence forwarded to Plaintiff by McCalla Raymer also stated that "Said property will be sold subject to any outstanding ad valorem taxes, any matter which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above."

**19.**

According to the February 16, 2011 Notice of Sale Under Power, sale under power has been scheduled and set to a calendar date for the sale to be conducted on the first Tuesday in April, 2011.

**20.**

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: **Bank of America**, 177 Countrywide Way, Mail Stop: CAO-911-01-05, Lancaster, California 93536.

**21.**

Please note that this letter is being sent to you in order to comply with Georgia statutory foreclosure law requirements. Nothing in this letter should be considered as preventing you from exercising the Borrower's Rights as explained in the Initial Communications Letter dated January 27, 2011.  However, it is Plaintiff's contentions that none of the correspondences or Notices  complied with or conformed to the legal requisites for foreclosing on a federally related mortgage loan reasoned upon the fact that none of the Notices were a product following the provisions of 12 CFR 590.(h)(2).

## PLAINTIFF'S CAUSE OF ACTION

22.

Plaintiff asserts, contends and relied upon the authority providing that a violation of the controlling or governing statute is necessary to constitute a wrongful foreclosure. The basis of a wrongful foreclosure action is the violation of the statutory duty to exercise fairly and in good faith the power of sale in a deed to secure debt. Thus, where a creditor does not possess the right to accelerate a loan and foreclose, a cause of action for wrongful foreclosure will lie. Even though the action for wrongful foreclosure arises from a contractual right, this breach of the statutory duty is compensable as a tort. Plaintiff avers that Bank of America is liable to Plaintiff for the wrongful foreclosure against her real property.

23.

Plaintiff contends and relies upon the authority providing that Plaintiff asserting a claim of wrongful foreclosure is required to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. Heritage Creek Development Corp. v. Colonial Bank, 601 S.E.2d 842 (Ga. Ct. App. 2004).

24.

Plaintiff asserts and relied upon the authority providing that a breach of duty to conduct power of sale fairly gives rise to claim for damages to the injured holder of the equity of redemption. Brown v. Freedman, 222 Ga. App. 213, 474 S.E.2d 73, R.I.C.O. Bus. Disp. Guide (CCH) ¶9174 (1996), reconsideration denied, (July 11, 1996). Claim for wrongful exercise of power of sale can be asserted even though debt is in default. Brown v. Freedman, 222 Ga. App. 213, 474 S.E.2d 73, R.I.C.O. Bus. Disp. Guide (CCH) ¶9174 (1996), reconsideration denied, (July 11, 1996).

25.

Plaintiff assert and relied upon the authority providing that it is not necessary that a foreclosure be completed to bring an action for wrongful foreclosure; thus, the fact that the defendant initiated foreclosure proceedings by advertising the properties at issue for sale was sufficient to support a claim for wrongful foreclosure. Sears Mortg. Corp. v.

Leeds Bldg. Products, Inc., 219 Ga. App. 349, 464 S.E.2d 907 (1995), cert. granted, (Mar. 1, 1996) and judgment aff'd in part, rev'd in part, 267 Ga. 300, 477 S.E.2d 565 (1996), on remand to, 225 Ga. App. 806, 488 S.E.2d 131 (1997) and judgment vacated in part, 225 Ga. App. 806, 488 S.E.2d 131 (1997) supra.

## 26.

Plaintiff further asserts and relied upon the authority providing bare possession, either of land or a chattel, authorizes the possessor to recover damages from any person who wrongfully in any manner interferes with such possession. If a person commits a trespass with knowledge that he is acting without right, exemplary or punitive damages may be awarded.

## 27.

Plaintiff's Complaint, in chief, is based and grounded upon this legal doctrine as advanced herein. Moreover, Plaintiff assert and relied upon the authority providing DAMAGES FOR TORTIOUS CONDUCT: TRESPASS AND THE RESULTING DAMAGES. "The principal shall be bound for the care, diligence, and fidelity of his agent in his business, and hence he shall be bound for the neglect and fraud of his agent in the transaction of such business. One who commits trespass upon land of another is subject to be sued as trespasser, whether he is acting for himself or as agent for another. Gill v. First Christian Church, Atlanta Ga., Inc., 216 Ga. 454, 117 S.E.2d 164 (1960); Bodin v. Gill, 216 Ga. 467, 117 S.E.2d 325 (1960). One who aids, abets, or directs by conduct or words, in perpetration of trespass, is liable equally with actual trespassers. King v. Citizens Bank, 88 Ga. App. 40, 76 S.E.2d 86 (1953). One who procures or assists in the commission of a trespass, or does an act which ordinarily induces its commission, is liable therefore as the actual perpetrator. King v. Citizens Bank, 88 Ga. App. 40, 76 S.E.2d 86 (1953)". Damages for a continuing trespass are limited to those which have occurred before an action is commenced. Subsequent damages flowing from a continuation of the trespass give a new cause of action.

28.

Whereas, Plaintiff asserts Claims under Substantive and Substantial Legal Theories to wit:

29.

Whereas Plaintiff seeks Consideration of Written submissions of her Pleadings of the Party Plaintiff relative to Applicable and Relevant Law of the "State of Georgia" and "Federal Code, Regulation / Statutes" and the Material Facts Adduced herein.

## THE ISSUES

30.

Plaintiff believes that because the so-called "Initiation Letter" did not and does not satisfy HUD requirements for the Notice of Default to be sent to debtor, nor does the "Initiation Letter" serves as a substitute for the required Notice of Default and Right to Cure relative to Foreclosure on Agreement-Mortgage /Loan /Account... (See 12 CFR 590.4 (h)(2)). The Notice of Sale Under Power, which can not be forwarded until expiration of permitted time frames occurs regarding (1) Notice of Default and Right to Cure Default and (2) Notice of Acceleration and (3) Required Loss Mitigation having been exhausted. Notice of Acceleration (Clause); Remedies, Procedures, Process...12 CFR 590.4 (h)(2). The Sums of Amount Accelerated must be forwarded to Mortgagor, ascertained, calculated prior to the Notice of Foreclosure being forwarded to Mortgagor. Notice of Foreclosure Sale of Real Property...in conducted in Strict Compliance with O.C.G.A. § 44-14-160 et. seq., and O.C.G.A. § 44-12-180 et. seq. F.R.E. 901(a)(b)(9).

31.

During the course of the payments of the Note by Plaintiff, Defendant Creditor designated as Bank of America, N.A. and Defendant Mortgage Servicer designated as BAC Home Loan Servicing, LP, as well as any and all other alleged predecessor have repeatedly and willfully acted fraudulently in that it has improperly commenced a wrongful foreclosure against the real property of Plaintiff.

32.

Additionally, Plaintiff believes that the Defendant Creditor and or the Mortgage Servicer have improperly denied loan modification, improperly added fees to the balance of the loan, improperly credited and/or misapplied payments to the principal balance of the note and refused to provide documentation or legal justification for the debt, the fees or the irregular amortization of the principal. Defendant have repeatedly refused to properly credit payments in an effort to manufacture a default in order to fraudulently foreclose on Plaintiff's home.

33.

At some time unknown to the Plaintiff, the Note and Security Deed were bifurcated where the Deed alone was separated from the note and was assigned, for servicing and other purposes, allegedly to Defendant Creditor designated as Bank of America, N.A. and BAC Home Loan Servicing, LP.

34.

Plaintiff avers that it is unknown who presently owns and holds the actual Original Promissory Note. Based on present knowledge, facts, investigation, witness information and likely to have further proof during discovery, the Promissory Note has been pledged, hypothecated, and/or assigned as collateral security to an unknown entity.

**"Federally Related Mortgage Loan"**

35.

Plaintiff bring this civil action upon the premises showing that **"The Mortgage"**, also known as "the Agreement / Contract", securing the Real Property, qualifies for federal preemption under **12 CFR section 590.4 (h) (2)**, where the Mortgage (Agreement / Contract) did not permit Defendant (creditor) Bank of America to foreclose on the Plaintiff's Mortgage Loan without proper processes of notice of Default and Right to Cure, or to repossess or foreclose without notice or demand for performance or legal process and to demand payment of full balance upon debtor's default or creditor's insecurity without notice.

## 36.

It is Plaintiff's claim that if financing agreement, **"The Mortgage"**, permits creditor to repossess or foreclose immediately upon default, terms and conditions relating to loan agreement do not comply with regulation and creditor cannot claim benefits of federal preemption under 12 CFR section 590.4 (h) (2).

## 37.

It is Plaintiff's claim that creditor, Bank of America, N.A. made no showing that financing transaction relative to the Home Loan Mortgage was not a "federally related mortgage loan" eligible for preemption under 12 CFR section 590.4 (h) (2) which required that a **Notice of Default and a Right to Cure** is the first order to initiate a foreclosure on a federally related mortgage loan, such Plaintiff's loan involved in this civil action. (See Court's ***Holdings*** under **Grant v. General Elec. Credit Corp.,** 764 F.2d 1404 C.A.11 (Ga.),(1985)). Defendant did not comply with this mandate for commencing the foreclosure by sending this **Notice of Default and a Right to Cure** to Plaintiff.

## THEORY of RECOVERY

### Doctrine of "Proximate Cause"( *by Intent*)

## 38.

Plaintiff brings this civil action against the Defendant reasoned upon the facts that the Defendant, Bank of America, N.A., who is a member the FDIC, undertook improper and unlawful efforts to foreclose on the real property of Delicia T. Williamson. At all time pertinent to this judicial investigation, the Defendant acted jointly and severally to achieve the acts and misconduct set forth within this Plaintiff's Complaint which primarily addresses claims of an accounting, wrongful foreclosure, rescission of notes and mortgages, reformation of notes and mortgages.

**39.**

Furthermore, it is undisputed that the Defendant Bank of America declared that they foreclosed on the Note and Security Deed securing the real property commonly known as **12032 Red Ivy Lane Fayetteville, Georgia 30215, Clayton County.**

**40.**

By and through the various acts and misconduct, the Defendant caused the following injuries to the real property known as **12032 Red Ivy Lane Fayetteville, Georgia 30215, Clayton County** as a direct result of the wrongful foreclosure against the real property known as **12032 Red Ivy Lane Fayetteville, Georgia 30215 Clayton County.**

**41.**

The Defendant, Bank of America, N.A., member of the FDIC have failed to comply with the federal mandate of 12 CFR section 590.4 (h) (2) prior to commencing a foreclose upon the mortgage and note securing said real property known as **12032 Red Ivy Lane Fayetteville, Georgia 30215, Clayton County.**

## Count I-Wrongful Foreclosure

**42.**

Plaintiff alleges that she has not defaulted on their mortgage, and it is "highly unlikely that Bank of America, N.A. has the present ability to provide a record chain of title evidencing ownership of the mortgage" and therefore a contemplated foreclosure is in violation of **12 CFR section 590.4 (h) (2), and State Codes O.C.G.A. § 9-11-65 (a), O.C.G.A. § 51-12-5.1, O.C.G.A. § 51-12-30, O.C.G.A. Title 13 et seq, Contracts, and O.C.G.A. Title 44 et. seq., Property.**

**43.**

**"The Mortgage"**, also known as "the Agreement / Contract" or Security Deed, securing the Real Property, qualifies for federal preemption under **12 CFR section 590.4 (h) (2)**, where the Mortgage (Agreement / Contract)  did not permit Defendant (creditor)

Bank of America to foreclose on the Plaintiff's Mortgage Loan without proper processes of notice of Default and Right to Cure, or to repossess or foreclose without notice or demand for performance or legal process and to demand payment of full balance upon debtor's default or creditor's insecurity without notice.

### 44.

Plaintiff alleges her property values plummeted when these loans were placed into foreclosure. Plaintiffs allege that, as a result, the value of their Clayton County property suffered a precipitous decline, causing Plaintiff to owe significantly more on their mortgage loans than the property is worth. Plaintiff alleges Defendant Bank of America, N.A. member FDIC refused to modify the terms of their loans. Plaintiff do not allege she is no longer able to make their mortgage payments, however, Plaintiff does contends that she cannot refinance the loan under the present circumstances of the economy as it relates to the "tax-based" value of the subject property.

### 45.

This matter comes before the Court on Plaintiff's Complaint for Damages pursuant to Intentional Breach of Contract, Intentional Breach of Statutory Duty, Intentional Tortious Interference with Contract, all which are relative to the Intentional Wrongful Foreclosure, Intentional Trespass, Intentional Abuse of Process.

### 46.

This is an civil action for Breach of Duty and Violation of Statutory Law imposed by Agreement / Contract ("the Mortgage") and  Law, brought under Federal Rule and Regulations pursuant to  **12 CFR section 590.4 (h) (2), and State Codes O.C.G.A. § 9-11-65 (a), O.C.G.A. § 51-12-5.1, O.C.G.A. § 51-12-30, O.C.G.A. Title 13 et seq, Contracts, and O.C.G.A. Title 44 et. seq. Property.**

### 47.

**Whereas,** Plaintiff asserts Claims under Substantive and Substantial Legal Theories to wit:

**48.**

Whereas Plaintiff seek consideration of written submissions of her Pleadings of the Party Plaintiff relative to applicable and relevant law of the "State of Georgia" and "Federal Code, Regulation / Statutes" and the Material Facts Adduced herein, to wit: **Notice of Default and Right to Cure relative to Foreclosure on Agreement-Mortgage /Loan /Account... (See 12 CFR 590.4 (h)(2)), which can not be forwarded until expiration of permitted time frame occurs regarding (1) Notice of Default and Right to Cure Default and (2) Notice of Acceleration and (3) Required Loss Mitigation having been exhausted. Notice of Acceleration (Clause); Remedies, Procedures, Process...*12 CFR 590.4 (h)(2). The Sums of Amount Accelerated must be forwarded to Mortgagor, ascertained, calculated prior to the Notice of Foreclosure being forwarded to Mortgagor. Notice of Foreclosure Sale of Real Property...in conducted in Strict Compliance with OCGA § 44-14-160 et. seq., and OCGA § 44-12-180 et. seq. F.R.E. 901(a)(b)(9).**

**49.**

It is the Plaintiff's claims that creditor, Bank of America, N.A. made no showing that financing transaction relative to the Home Loan Mortgage was not a "federally related mortgage loan" eligible for preemption under 12 CFR section 590.4 (h) (2) which required that a Notice of Default and a Right to Cure is the first order of business to initiate a foreclosure. (See the Court's discussions relative to federally related mortgage loans, and the Court's *Holdings* under **Grant v. General Elec. Credit Corp., 764 F.2d 1404 C.A.11 (Ga.) (1985)).**

**50.**

Plaintiff avers that the lender and or mortgage servicer utterly failed to comply with the Notice Requirements for the commencement and the continuation of the foreclosure procedure or process against Plaintiff's real property.

## PLAINTIFF'S VERIFIED COMPLAINT FOR EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE

Plaintiff reaffirms and re-alleges paragraphs 1 through 50 of Plaintiff's Complaint for Damages for Wrongful foreclosure and grounded upon the legal premises therein seeks emergency injunctive relief as is set forth more fully herein below.

### 51.

This is an action for emergency temporary and permanent injunctive relief which is brought pursuant to O.G.C.A. § 9-5-1 and § 9-5-3, and on an emergency basis without notice pursuant to O .G.C.A. § 9-11-65(b).

### 52.

O.C.G.A. § 9-5-1 provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

### 53.

O.C.G.A. § 9-9-3(b) provides that writs of injunction which may be issued by the superior courts to enjoin the lower court's proceedings at any time in any proper case made by application for injunction.

### 54.

Plaintiff has a clear legal right to seek temporary and permanent injunctive relief as Plaintiff resides in the Property and as Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements to institute a dispossessory action, take possession, custody, and control of the Property, ultimately remove the Plaintiff from her home and seek a deficiency judgment against Plaintiff.

### 55.

Plaintiff has no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiff's property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by parties who have no legal standing –to institute or maintain the foreclosure ab initio! Accordingly, the same should be enjoined.

## 56.

O.G.C.A. § 9-11-65(e)(1) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required .

## 57.

The specific facts set forth in this Verified Complaint demonstrate that unless a temporary injunction against the sale under power scheduled for the first Tuesday in April 2011 is not granted, Plaintiff will suffer the irreparable injury, loss, and damage of the loss of her home and eviction there from. The requisite certification pursuant to O.G.C.A. § 9-11-65(b) (2) is set forth following the Verification of this Complaint by the Plaintiff.

## 58.

As Defendant Bank of America has no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted. Plaintiff has substantial equity in the property. Furthermore, it may be an agency of the United States Government that is ultimately defrauded by Defendant Bank of America's actions.

**59.**

The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendant if the relief requested and prayed for herein is not granted, whereby local property values will decline and investments held by local government and pension funds are affected by the actions of Defendants.

**60.**

Under the circumstances where there is no harm to Defendant with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendant with the granting of the requested relief for which a bond would otherwise be necessary. The cumulative effect of the Defendant's actions is to unnecessarily lower property values in Clayton County, create more debt for the federal government and lower stock market values of federally managed corporations.

**WHEREFORE**, Plaintiff, Delicia T. Williamson Demands and Prays for EMERGENCY INJUNCTIVE RELIEF in the form where this Court issues an appropriate **JUDGMENT and ORDER** granting Plaintiff the Injunctive Relief against the sale under power scheduled for **April 2011** and upon good cause and evidence to grant Plaintiff prayers for Permanent Injunctive Relief ,

**WHEREFORE**, Plaintiff, Delicia T. Williamson Demands and Prays for Relief that this Court issues an appropriate **JUDGMENT and ORDER** where Plaintiff also prays that this Court  consider and grant her prayers because the overwhelming evidence, when applied to the applicable laws, provides for recovery of those injuries in the nature of those set forth within Delicia T. Williamson's Pleadings in Support of her Complaint, to wit:

Plaintiff **DEMANDS** that she have verdict and judgment in the sums of amount not less than **$112,950.00  in Actual and Compensatory Damages,** and

**$ 75,000.00 in Punitive Damages,** and **Prays for Relief** as follows:

(a) that the Court rule that the Notice of Sale Under Power is being improperly executed in a manner which renders it legally defective and precluded from enforcement which constitute a **wrongful foreclosure;**

(b) that the Court to issue a **Rule Nisi prior to the first Tuesday in April 2011,** affording Defendant the opportunity to show why the Prayers of the Plaintiff for Immediate Interlocutory Injunction should not be granted. Plaintiff seeks and prays for the immediate issuance of a Temporary and Permanent Injunction against the sale under power scheduled for the first Tuesday in April 2011, which will preclude any sale  or dispossessory action regarding Plaintiff's property or any other disposition of the subject property;

(c) **Actual and Compensatory Damages** due to the Defendant's misconduct constituting **wrongful foreclosure, willful and deliberate trespass** upon Williamson's property in the sums of amounts not less than $ 112,950.00;

(d) **Punitive Damages** under O.C.G.A. § 51-12-5.1 Damages measured by "The Resulting Effect of the Economical / Financial Losses" which are relative to Non-Economical / Financial Losses such as: being Deprived of an Opportunity which constitute a Trespass or a Transgression which effects diminishes Williamson's ability to defend her "well being, with out being subjected to another's will at her undue expense" in the sums of amounts not less than **$75,000.00**;

(e) that the Plaintiff recover her **costs** and **expenses** for the bringing of this civil action, and;

(f) that Plaintiff be permitted to amend this Plaintiff's Complaint upon a showing of good cause from any and all additional evidence revealed as a result of this judicial investigation;

(g) for a total sum of amounts not less than **$ 187,950.00**, and such other or further relief

as this Court deems necessary, just and proper.

This ___11th___ day of March, 2011.

**Delicia T. Williamson**
**Plaintiff-pro-se**

12032 Red Ivy Lane.
Fayetteville, Georgia 30215-6648
Ph. #: (H) 770-719-0473

## VERIFICATION

The undersigned Plaintiff verifies, under oath, that the foregoing factual

allegations in this Verified Complaint are true and correct.

**Delicia T. Williamson,  Plaintiff-pro-se**

Sworn before me this ___11___ day of March, 2011.

**Notary Public**

Notary Public, Dekalb County, Georgia.
My Commission Expires Nov. 8, 2013

**My commission**

- 19 -



D. Williamson
12032 Red Ivy Lane
Fayetteville, GA 30215-6648

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7007 1490 0002 0089 7163

UNITED STATES
POSTAL SERVICE

1000

30361

U.S. POSTAGE
PAID
ATLANTA, GA
30304
MAR 11 11
AMOUNT
$6.05
00027007-11

Bank of America Registered Agent:
CT CORPORATION SYSTEM/SHAKINAH EDWARDS
1201 Peachtree Street, N.E.
Atlanta, GA  30361