IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELICIA T. WILLIAMSON,   :
                         :
   Plaintiff,            :
                         :   CIVIL ACTION NO.
   v.                    :   1:11-CV-1161-AT
                         :
BANK OF AMERICA, N.A.,   :
                         :
   Defendant.            :

## ORDER

On March 11, 2011, Plaintiff Delicia Williamson filed suit in the Superior Court of Clayton County, Georgia, in which Plaintiff asserted claims against Defendant Bank of America, N.A. for breach of contract, breach of statutory duty, wrongful foreclosure, and other claims related to Defendant's failure to modify Plaintiff's home mortgage loan.[1]  On April 11, 2011, Defendant removed the action to the District Court of the Northern District of Georgia.  On the same day, the Clerk entered onto the docket Plaintiffs' motion for a temporary restraining order ("TRO"), which appears to have been filed with the Complaint [2].  In the motion, Plaintiff seeks a TRO staying the "sale under power scheduled for April 2011." (Doc. 2 at 21.)

---

[1] The Clayton County suit was filed as Case No. 2011-CV-00920-9.

The action is presently before the Court on Plaintiffs' motion for a TRO. Defendant has also filed a motion to dismiss [3], which the Court does not address in this Order. Defendant has also filed a motion to stay pretrial deadlines and discovery [4]. The Court **DEFERS** ruling on the motion for TRO and **DIRECTS** plaintiff to amend her complaint consistent with the provisions outlined at pages 7-8 herein.

Before a court will grant a motion for a TRO, the moving party must establish that: (1) "it has a substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006). "Of these four requisites the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ." *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

The instant motion asks this Court to enjoin the foreclosure under power of sale initially scheduled for April. (Doc. 2 at 21.) Plaintiff's complaint appears to present three legal claims as a basis for the injunctive relief she seeks. These claims relate to (1) Defendant's alleged improper servicing of the loan, (2) Defendant's alleged failure to send the required notice of default, and (3) Plaintiff's assertion that Defendant cannot

2

AO 72A
(Rev.8/82)

establish its ownership of the mortgage at issue. The Court will address each of these contentions in turn.

The Court recognizes that Plaintiff is appearing pro se, thus her complaint is to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

**A. Improper Servicing**

In relation to her claim of improper servicing, Plaintiff alleges that after Countrywide Home Loans ("Countrywide") approved her for a loan modification in March 2009, she timely returned the papers to accept this loan modification, and was advised that Countrywide had received the papers and entered the modification into its computer system. (Doc. 2 ¶¶ 8-10.) However, Plaintiff also states that she found out "at a much later date" that she was not approved for a loan modification. (Doc. 2 ¶ 11.) Given these contradictory assertions, it is not clear whether or not Countrywide actually approved Plaintiff for a permanent modification of her mortgage loan. Plaintiff has not provided any documents reflecting the alleged modification. Further, Plaintiff has not averred that she continued to make timely payments under the modification over the past two years. In the absence of a clear factual showing, the Court does not find a

substantial likelihood of success on the merits of Plaintiff's claim that her loan was brought out of default by virtue of a contractual loan modification.

Plaintiff also states in relation to her improper servicing claim that Bank of America or its servicer have "improperly credited and/or misapplied payments" and "repeatedly refused to properly credit payments in an effort to manufacture a default." (Doc. 6 ¶ 32.)  However, Plaintiff has not supplied any documents or specific detailed information in support of this assertion.  Plaintiff also has not alleged that she has made every payment under the modification agreement or that the alleged default was caused solely by Bank of America's failure to properly credit her payments pursuant to the modification agreement.  Without such allegations, Plaintiff has not shown a substantial likelihood that she would succeed in establishing the evidence required to enjoin a foreclosure sale on this basis:  that the default has been cured by agreement despite Defendant's improper servicing.  *See Clark v. West*, 395 S.E.2d 884, 885 (Ga. Ct. App. 1990) (foreclosure was wrongful where the creditor knew the note was not in default and it had no right to foreclose); *First Nat'l Bank v. Loggins*, 429 S.E.2d 278, 278 (Ga. Ct. App. 1993) (summary judgment overturned where issue of fact existed as to whether homeowner was actually in default at the time the property was foreclosed upon).

## B. Failure to Send Required Notice of Default

Plaintiff alleges that Bank of America has commenced foreclosure without properly sending her the notice of default and right to cure referenced in 12 C.F.R. § 590.4(h)(2). (Doc. 2 ¶¶ 35-37.) However, this regulation applies only to loans for manufactured housing. Plaintiff has not alleged that her mortgage loan is secured by a residential manufactured home as defined in 42 U.S.C. 5402(6). Rather, she seems to assume that the provisions of 12 C.F.R. § 590.4(h)(2) apply to all federally related mortgage loans. Nothing pled in the complaint shows a failure to send the notices required by the applicable statutes.[2] Therefore, Plaintiff has not shown a substantial likelihood of success on this claim.

## C. Unauthorized Foreclosure

In questioning whether Bank of America is the holder of the Promissory Note with the right to foreclose, Plaintiff alleges that "the Note and Security Deed were bifurcated" when the Security Deed alone was assigned "allegedly to Defendant Creditor designated as Bank of America, N.A. and BAC Home Loans Servicing, L.P." (Doc. 2 ¶ 33.) Plaintiff further states that "it is unknown who presently owns and holds the actual Original Promissory Note" and that it is "highly unlikely that Bank of America, N.A. has

---

[2] Indeed, the complaint indicates that Plaintiff received other forms of notice, and there has been no factual showing that these notices were inadequate under applicable statutes. (Doc. 2 at ¶ 13.)

5

AO 72A
(Rev.8/82)

the present ability to provide a record chain of title evidencing ownership of the mortgage." (Doc. 2 ¶¶ 33, 41.) Based on Plaintiff's allegations of previously communicating with Countrywide about a loan modification, it appears that Bank of America was not the original lender. (*See* Doc. 2 ¶ 8.)

However, these allegations alone are not sufficient to show a likelihood of success on the merits in challenging Bank of America's right to foreclose. Evidence that Bank of America had denied owning the Promissory Note or had failed to produce proof of ownership of the Note upon request, or that another company had claimed to hold the Promissory Note, would more persuasively indicate that Defendant did not possess legal ownership of the mortgage. Based on the allegations in the complaint, Plaintiff has not shown a substantial likelihood of success on the merits on this claim.

## D. Security

Additionally, Rule 65(c) provides that "[t]he court may issue . . . a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Plaintiff has not offered to tender any amount as security for a TRO, and has not discussed the issue of security except to assert (with no explanation) that the requested relief would not harm Defendant. (Doc. 2 ¶ 60.) The Court may not issue a TRO without considering whether

there is a need for security, and cannot properly consider the issue without more information about the potential harm to Defendant from delaying a foreclosure sale in this instance.

### E.  Opportunity to File Amended Complaint

As she is proceeding pro se, the Court **DEFERS** ruling on Plaintiff's motion for TRO to give her an opportunity to amend her complaint to address or clarify the following matters:

(1) The precise terms of the alleged loan modification offered by Countrywide;

(2) A statement of whether Plaintiff believes she is contractually current on the loan as modified and evidence supporting that allegation;

(3) A detailed description of how and when Bank of America and/or Countrywide have failed to properly apply payments made under the modification;

(4) The identity of the original secured creditor that extended the loan;

(5) Any specific evidence available to Plaintiff indicating that Defendant is not the current holder of the promissory note and the assignee of the security deed.

The Court also wishes to ensure that Plaintiff is aware of her obligation to respond to Defendant's motion to dismiss [3].  The Court therefore **GRANTS** Plaintiff an extension of time through and including May 16, 2011 to file a response to the motion to dismiss as well as an amended complaint addressing the matters listed above.

AO 72A
(Rev.8/82)

If Plaintiff does not file an amended complaint by May 16, 2011, the Court will proceed to rule on her motion for TRO as well as the Defendant's motion to dismiss.

The Court further **DIRECTS** Plaintiff to file an affidavit by May 16, 2011 supplementing her motion for TRO proposing a reasonable security amount and explaining why that amount would be sufficient to pay Defendant's damages in the event the Court grants the TRO and later finds that Defendant has been wrongfully restrained.

The Court **GRANTS** Defendant's motion to stay pretrial deadlines and discovery [4] pending a ruling on the motion to dismiss. The parties' deadlines for the Rule 26(f) planning conference, initial disclosures, and commencement of the discovery period are extended to 30 days following the Court's final ruling on the motion to dismiss [3].

**IT IS SO ORDERED,** this 3rd day of May, 2011.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**