IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DELICIA T. WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:11-CV-1161-AT |
| BANK OF AMERICA, N.A., | : |
| Defendant. | : |

**ORDER**

On March 11, 2011, Plaintiff Delicia Williamson filed suit in the Superior Court of Clayton County, Georgia, in which she asserted claims against Defendant Bank of America, N.A., for breach of contract, breach of statutory duty, wrongful foreclosure, and other claims related to Defendant's failure to modify Plaintiff's home mortgage loan.[1] On April 11, 2011, Defendant removed the action to the District Court of the Northern District of Georgia. On the same day, the Clerk entered onto the docket Plaintiffs' motion for a temporary restraining order ("TRO"), which was filed with the complaint [Doc. 2]. On April 14, 2011, Defendant file a motion to dismiss [Doc. 3]. The motion for TRO and motion to dismiss are presently before the Court for consideration.

---

[1]The Clayton County suit was filed as Case No. 2011-CV-00920-9.

I.     **Motion for TRO**

This Court previously considered the motion for TRO and deferred ruling on it in order to give Plaintiff an opportunity to amend her complaint to clarify certain facts and file an affidavit with the Court addressing the issue of security for the injunction. (Order, May 3, 2011.)  Plaintiff filed a response to the Court's Order, but she did not amend her complaint or propose any amount of security.  (Pl.'s Resp. to the Court's May 7, 2011 Order.)  Plaintiff informed the Court in her response that the Superior Court of Clayton County had ruled on the motion for TRO prior to the removal of the action.  (*Id.* at 2.)  Upon further inquiry, this Court learned that Superior Court Judge Geronda Carter entered an Order on April 1, 2011, enjoining Bank of America from foreclosing.  However, by its own terms, the injunctive relief granted in that Order expired after thirty days.[2]  After the removal on April 11, 2011, the temporary restraining order entered by the State Court continued in full force and effect until it expired on May 1, 2011.  *See* 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 440 (1974). The Court therefore **DENIES AS MOOT** Plaintiff's motion for TRO [Doc. 2], as the State Court had already ruled

---

[2] This is consistent with Rule 65 of the Georgia Rules of Civil Procedure, which states that a temporary restraining order granted without notice shall expire after a fixed time period "not to exceed 30 days." O.C.G.A. § 9-11-65.

2

on this motion, and Plaintiff has not filed a subsequent motion for preliminary injunction.

## II. Motion to Dismiss

The Court now turns to Defendant's motion to dismiss [Doc. 3]. Plaintiff has filed a response [Doc. 6] and Defendant filed a reply [Doc. 7]. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### A. Motion to Dismiss Standard

In determining whether a complaint states a claim upon which relief can be granted, courts accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

AO 72A
(Rev.8/82)

The Court recognizes that Plaintiff is appearing *pro se*. Thus, her complaint should be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

### B.     Analysis

Defendant asserts that Plaintiff has failed to meet the standard for notice pleading set forth in Rule 8 of the Federal Rules of Civil Procedure because she has not identified the "original lender for the note, the amount of the loan, the date the note was signed," or other facts that would give Defendant notice of the claims sufficiently to frame a responsive pleading (Def. Mot. to Dismiss and Incorporated Mem. of Law ("Mot. Dismiss") at 2.)  However, the complaint identifies the borrower's name and the property address.  (Compl. ¶ 5.)  With this information, Bank of America has the ability to search its loan servicing database for the mortgage loan at issue, and would then have access to any information that Plaintiff has failed to provide regarding the loan.  Therefore, the information provided in the complaint suffices at a basic level to give notice of the mortgage loan at issue.  The Court proceeds, therefore, to address the question of whether Plaintiff has stated a claim on which relief can be granted.

AO 72A
(Rev.8/82)

### 1. **Wrongful Foreclosure**

Defendant makes a number of arguments for why the wrongful foreclosure claim should be dismissed. First, Defendant argues that because the property was not sold at foreclosure, Plaintiff cannot state a claim for wrongful foreclosure. (Mot. Dismiss at 7.) Second, Defendant argues that Plaintiff has not alleged that there is any defect in Defendant's security interest in the property or disputed the fact that she is in default on the loan. (*Id.* at 6.) Third, Defendant argues that Plaintiff's failure to tender the full loan amount prevents Plaintiff from seeking injunctive relief. (*Id.* at 7.) Fourth, Defendant asserts that the facts pled in the complaint show that Defendant sent the required statutory pre-foreclosure notice. (*Id.* at 6.) Fifth, Defendant argues that Georgia law does not support a claim for failure to "produce the note." (*Id.* at 8.) Sixth, Defendant states that Plaintiff has not properly pled a claim for breach of contract. (*Id.* at 9.) Seventh, Defendant asserts that there is no private right of action under the Home Affordable Modification Program ("HAMP"). (*Id.* at 10-12.)

#### a. **No foreclosure sale and valid security interest**

Defendant's assertion there can be no cause of action for wrongful foreclosure where a foreclosure sale has not taken place is not supported by Georgia law. Though not always using the caption of wrongful foreclosure,[3] Georgia courts have recognized

---

[3] The following terms are often used interchangeably by Georgia courts: wrongful foreclosure, fraudulent foreclosure, action to set aside a foreclosure, and

5

claims for (1) injunctive relief to set aside a past unlawful foreclosure, (2) damages arising out of a past unlawful foreclosure, (3) injunctive relief to prevent an unauthorized foreclosure, and (4) damages arising out of an attempted unauthorized foreclosure. *See, e.g.*, *Curl v. Fed. Sav. & Loan*, 244 S.E.2d 812, 812 (Ga. 1978); *Calhoun First Nat'l Bank v. Dickens*, 443 S.E.2d 837, 838 (Ga. 1994); *West v. Koufman*, 384 S.E.2d 664, 665 (Ga. 1989); *Sale City Peanut & Milling Co. v. Planters & Citizens Bank*, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963).

In the situation at bar, where a foreclosure sale has not occurred, the Court assesses whether Plaintiff has pled the required elements to support a claim for damages arising out of an attempted wrongful foreclosure or for injunctive relief to prevent an unauthorized foreclosure.

Georgia courts have recognized a claim for damages based on wrongful *attempted* foreclosure when a foreclosure action was commenced, but not completed, where plaintiffs have shown that the defendant "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions[4] and that damages were sustained as a direct result of this publication." *Sale City Peanut*, 130 S.E.2d at

---

failure to exercise in good faith a power of sale as required by O.C.G.A. § 23-2-114.

[4] A wrongful publication that plaintiff has defaulted on a loan may constitute an untrue and derogatory statement concerning the plaintiff's financial condition. *See Hauf v. HomEq Servicing Corp.*, No. 4:05-CV-109, 2007 WL 486699, at *6 (N.D. Ga. Feb. 9, 2007).

6

520. In the case at bar, Plaintiff asserts that she "has not defaulted on [her] mortgage" and Defendant has "repeatedly refused to properly credit payments in an effort to manufacture a default in order to fraudulently foreclose on Plaintiff's home." (Compl. ¶¶ 42, 32.) Plaintiff has pled damages, including that Defendant has improperly added fees to her loan balance because of its failure to properly apply her payments and that her property value has plummeted because of the commencement of the foreclosure. (Compl. ¶¶ 10, 44.)  Taken as true, these allegations state a claim for wrongful attempted foreclosure. *See Hauf v. HomEq Servicing Corp.*, No. 4:05-CV-109, 2007 WL 486699, at *6-7 (N.D. Ga. Feb. 9, 2007) (denying summary judgment on wrongful attempted foreclosure where HomEq started foreclosure because of erroneous charges assessed during borrower's compliance with a forbearance agreement, and ignored borrower's correspondence explaining that the loan was current per the agreement).

Furthermore, Plaintiff is clearly seeking injunctive relief barring Bank of America from foreclosing wrongfully because it allegedly is not the holder of the note. (Compl. ¶¶ 51-60.)  A court may enjoin a nonjudicial foreclosure sale where the authority to foreclose is in question. *See Atlanta Dwellings, Inc. v. Wright*, 527 S.E.2d 854, 856 (Ga. 2000); *West v. Koufman*, 384 S.E.2d at 666; *Cotton v. First Nat'l Bank of Gwinnett Co.*, 220 S.E.2d 132 (Ga. 1975).

Plaintiff's allegations that Bank of America is not the holder of the promissory note with the right to foreclose would support injunctive relief if proved. Plaintiff alleges that "the Note and Security Deed were bifurcated" when the security deed alone was allegedly assigned "to Defendant Creditor designated as Bank of America, N.A. and BAC Home Loans Servicing, L.P." (Compl. ¶ 33.) Plaintiff further states that "it is unknown who presently owns and holds the actual Original Promissory Note" and that it is "highly unlikely that Bank of America, N.A. has the present ability to provide a record chain of title evidencing ownership of the mortgage." (Compl. ¶¶ 33, 41.) Based on Plaintiff's allegations of previously communicating with Countrywide about a loan modification, it is plausible that Bank of America was not the original lender. (*See* Compl. ¶ 8.)

Georgia law authorizes the secured creditor, the holder of the promissory note, to exercise a power of sale. *See* O.C.G.A. §§ 44-14-162 *et seq*.;[5] *Weems v. Coker*, 70 Ga. 746, 749 (1883) ("Could there be a more conclusive defense to the foreclosure than that the party prosecuting it was not the holder of the debt or demand secured by the

---

[5] "The security instrument or assignment thereof vesting the *secured creditor* with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court in the county in which the real property is located." O.C.G.A. § 44-14-162(b) (emphasis added). "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor *by the secured creditor* no later than 30 days before the date of the proposed foreclosure." O.C.G.A. § 44-14-162.2(a) (emphasis added).

mortgage, which he failed to produce when called on, and offered nothing to show that he controlled it, or to explain why it was not forthcoming at the trial?"), *cited by Truitt v. Moister*, 11 B.R. 15 (Bankr. N.D. Ga. 1981); *Bowen v. Tucker Fed. Sav. & Loan Assoc.*, 438 S.E.2d 121, 122 (Ga. Ct. App. 1993) ("It is established law in Georgia that although the holder of a note who is also the grantee of a security deed has the right to exercise the power of sale in the security deed upon default, he is not required to do so. He may sue on the note . . . ."); *Boaz v. Latson*, 580 S.E.2d 572, 578 (Ga. Ct. App. 2003) ("[T]he security deed arose from the indebtedness allegedly established by the promissory note, and the deed's power of sale depended on default under the note."), *rev'd on other grounds*, 598 S.E.2d 485, 487 (Ga. 2004); *Cummings v. Anderson*, 173 B.R. 959, 963 (Bankr. N.D. Ga. 1994) ("assignee of a note and security deed cannot foreclose upon the security until there has been an actual assignment"), *aff'd*, 112 F.3d 1172 (11th Cir. 1997); *Weston v. Towson*, No. 5:04-CV-416, 2006 WL 2246206, at *6 (M.D. Ga. Aug. 4, 2006) ("the holder of the note continues to retain remedies under the security deed so long as the debt evidenced by the note has not been satisfied"). Therefore, Plaintiff's allegations that the party attempting to foreclose is not the holder of the note would support a claim for injunctive relief, if proven. Defendant's argument that Plaintiff does not question the validity of the security deed is irrelevant, as she *does* call into question Bank of America's authority to enforce it.

9

AO 72A
(Rev.8/82)

Moreover, Plaintiff's factual allegations of improper servicing of her loan would also, if proven, support a claim for injunctive relief barring the foreclosure based on failure to exercise in good faith the power of sale. *See* O.C.G.A. § 23-2-114; *West v. Koufman*, 384 S.E.2d at 666. Plaintiff alleges that after Countrywide Home Loans ("Countrywide") approved her for a loan modification in March 2009, she timely returned the papers to accept this loan modification, and was advised that Countrywide had received the papers and entered the modification into its computer system. (Compl. ¶¶ 8-10.) Plaintiff alleges that Bank of America has "improperly credited and/or misapplied payments" and "repeatedly refused to properly credit payments in an effort to manufacture a default."[6] (*Id.* ¶ 32.) If true, these allegations would support a claim for wrongful attempted foreclosure or a claim for injunctive relief barring foreclosure. *See Clark v. West*, 395 S.E.2d 884, 885 (Ga. Ct. App. 1990) (foreclosure was wrongful where the creditor knew the note was not in default and it had no right to foreclose); *First Nat'l Bank v. Loggins*, 429 S.E.2d 278, 278 (Ga. Ct. App. 1993) (summary judgment overturned where issue of fact existed as to whether homeowner was actually in default at the time the property was foreclosed upon).

---

[6] Defendant argues that Plaintiff does not dispute that she is in default on the loan. (Mot. Dismiss at 6.) Even if this were an accurate description of the facts pled in the complaint, "[a] claim for wrongful exercise of a power of sale can be asserted even though a debt is in default." *Brown v. Freedman*, 474 S.E.2d 73, 76 (Ga. Ct. App. 1996). However, Plaintiff alleges that she is current on the loan as modified, but Defendant has failed to honor the modification and properly credit her payments.

### b. Tender obligation

Defendant further argues that Plaintiff's failure to tender the amount owed under the loan is a bar to any action "seek[ing] relief regarding a pending or past foreclosure sale." (Mot. Dismiss at 7.) The requirement to tender the amount of indebtedness admittedly due is based on the maxim that "he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." *Wright v. Intercounty Props., Ltd.*, 233 S.E.2d 160, 161 (Ga. 1977).

In this case, Plaintiff is alleging that Bank of America does not hold her note. (Compl. ¶¶ 33, 34, 42.) If Plaintiff succeeds in proving that Bank of America is not the holder of the note, in addition to the other elements required for injunctive relief, then no tender would be required because no sum would be due *to Bank of America* under the note. *See Everson v. Franklin Discount Co.*, 285 S.E.2d 530, 533 (Ga. 1982); *Sapp v. ABC Credit & Inv. Co.*, 253 S.E.2d 82, 87 (Ga. 1979); *Davis v. Atlanta Fin. Co.*, 129 S.E. 51, 52 (Ga. 1925). Therefore, the Court finds that dismissal on grounds of failure to tender would be premature at this time, because Plaintiff has alleged facts in the complaint that suggest she owes no duty in equity to Bank of America (because, she alleges, she is not indebted to Bank of America), and those allegations are to be taken as true on a motion to dismiss.

### c.     Notice of foreclosure sale

Defendant has moved to dismiss any claims arising out of an alleged failure to send required pre-foreclosure notices on the grounds that "Plaintiff's own factual allegations establish that Defendant's notice of default was sufficient to meet all applicable statutory requirements." (Mot. Dismiss at 12-13.) Plaintiff alleges that Bank of America has commenced foreclosure without properly sending her the notice of default and right to cure referenced in 12 C.F.R. § 590.4(h)(2). (Compl. ¶¶ 35-37.)

However, this regulation applies only to loans for manufactured housing. Plaintiff has not alleged that her mortgage loan is secured by a residential manufactured home as defined in 42 U.S.C. 5402(6). Rather, she seems to assume that the provisions of 12 C.F.R. § 590.4(h)(2) apply to all federally related mortgage loans. Nothing pled in the complaint shows a failure to send the notices required by the applicable statutes.[7] Therefore, any claims arising out of an alleged failure to comply with 12 C.F.R. § 590.4(h)(2) are dismissed.

### d.     "Produce the note"

Defendant points out that to the extent Plaintiff is attempting to fashion a claim out of Bank of America's failure to produce the original note for inspection, Georgia

---

[7] Indeed, the complaint indicates that Plaintiff received other forms of notice, and there has been no factual showing that these notices were inadequate under applicable statutes. (Compl. at ¶ 13.)

courts have *not* held that the failure to produce the note gives rise to a cause of action. (Mot. Dismiss at 8.) Plaintiff does not allege in the complaint that Defendant failed to produce the note, so it does not appear that Plaintiff is attempting to make any such claim. Rather, Plaintiff asserts that Defendant is not the holder of the note, as discussed *supra* in section (1)(a). If in fact Plaintiff intended to fashion a claim based on Defendant's failure to show her the original note, such claim is dismissed.

### e. Breach of contract

Defendant asserts that Plaintiff has failed to properly plead a claim for breach of contract, in that she has not pointed to any provision of the note or security deed that Bank of America has breached. Indeed, Plaintiff has not set forth facts that would support a claim for breach of contract.[8] If in fact Plaintiff intended to assert a claim for breach of contract, such claim is dismissed.

### f. HAMP

Defendant asserts that there is no private right of action for a failure to comply with HAMP guidelines. However, Plaintiff has not alleged anything about HAMP in

---

[8] Plaintiff does allege that Defendant failed to honor an agreed-upon loan modification, "improperly credited and/or misapplied payments," and "repeatedly refused to properly credit payments in an effort to manufacture a default." (Compl. ¶¶ 8-10, 32.) However, because Plaintiff has not shown that there was any consideration for the loan modification, these facts support a claim for failure to exercise in good faith the power of sale, as discussed *supra* in section (1)(a), but not a breach of contract claim.

13

her complaint or her response to the motion to dismiss. Rather, Plaintiff alleges that Defendant has failed to honor an agreed-upon loan modification and properly credit her payments pursuant to that modification, as discussed in *supra* in section (1)(a). It is clear that Plaintiff is not attempting to assert a private right of action under HAMP, and therefore the Court need not address the question of what remedies might be available for a borrower claiming that his or her servicer has failed to comply with HAMP.

### 2. Tortious Interference with Contract

Defendant has moved to dismiss Plaintiff's claim for tortious interference with contract on the basis that Plaintiff has failed to alleged any facts that would form a basis for such a claim. (Mot. Dismiss at 16.) The Court agrees. To state a claim for tortious interference with a contract, a plaintiff must allege that one who is a "stranger to the contract" has "acted intentionally, without privilege or legal justification, to induce another not to enter into or continue a business relationship with the plaintiff, thereby causing the plaintiff financial injury." *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 503 S.E.2d 278, 282 (Ga. 1998). Plaintiff has not presented any facts to support a claim for tortious interference with contract against Bank of America, so the Court dismisses this claim.

### 3.     **Intentional Trespass**

Defendant moves to dismiss Plaintiff's claim for intentional trespass based on Plaintiff's failure to allege facts supporting such a claim. In Georgia, a physical invasion that damages another's health, reputation, or property is required to state a cause of action for trespass. *See Jordan v. Ga. Power Co.*, 466 S.E.2d 601, 605 (Ga. Ct. App. 1995); O.C.G.A. § 1-3-3(20). Plaintiff has not pled any facts to support a claim for trespass, so this claim should be dismissed.

### 4.     **Abuse of Process**

Defendant has moved to dismiss Plaintiff's claim for abuse of process. Georgia recognizes a claim for abuse of process against "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another" if such person acts "(1) With malice, and (2) Without substantial justification." O.C.G.A. § 51-7-84. Plaintiff has alleged that Bank of America commenced a nonjudicial foreclosure action against her property, which, by definition, does not involve litigation. Plaintiff has not alleged that Bank of America initiated, continued, or procured any civil proceeding against her. Her claim for abuse of process is therefore dismissed.

15

AO 72A
(Rev.8/82)

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss [3]. The Court **DENIES** Defendant's motion to dismiss Plaintiff's claims for attempted wrongful foreclosure and for injunctive relief based on the allegations of improper servicing and non-ownership of the note. All other claims are **DISMISSED**.

The Court **DENIES AS MOOT** the motion for TRO [2], and advises the parties that the temporary restraining order entered by the State Court expired as of May 1, 2011. If Plaintiff wishes to move for an interlocutory injunction to protect the home from foreclosure during the pendency of this action, she should address the issues raised in the Court's May 3, 2011 Order.

**IT IS SO ORDERED,** this 7th day of July, 2011.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

AO 72A
(Rev.8/82)